AUSTIN, Commissioner of Banking, v. MATTHEWS. (No. 75.)*

(Court of Civil Appeals of Texas. Eastland. Jan. 8, 1926. Rehearing Denied March 5, 1926. Application for Writ of Error to Supreme Court Refused May 5, 1926.)

1. Banks and banking ⚡15—Acceptance of check for deposit in escrow which was collected, issuance of cashier's check payable to "Escro" and carrying same in escrow account held to constitute deposit within guaranty fund, not sale of exchange.

Where bank accepted check with escrow agreement, collected it, carried proceeds in escrow account in form of its cashier's check payable to order of "Escro," and thereafter paid amount to one of parties after judgment in his favor without knowledge of other party to escrow agreement, held, that on reversal of such judgment the claim of the successful litigant against bank was within protection of depositors' guaranty fund as for deposit, and not sale of exchange.

2. Banks and banking ⚡119.

Bank cannot change relation of depositor without latter's consent.

3. Banks and banking ⚡15—In suit by statutory receiver of insolvent bank to cancel judgment against bank, cross-action on claim against state guaranty fund held properly allowed.

In suit by commissioner of banking, as statutory receiver of insolvent bank, to cancel record of abstract of judgment against bank, cross-action by defendant to recover on his claim against state guaranty fund held properly allowed.

4. Banks and banking ⚡15.

District court of county of residence of insolvent bank is appropriate forum for litigating controversy between statutory receiver and judgment creditor, claiming against state guaranty fund.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Charles O. Austin, Commissioner of Banking, against W. R. Matthews. Judgment for defendant on his cross-action, and plaintiff appeals. Affirmed.

W. J. Rogers, of San Antonio, for appellant.

J. R. Stubblefield, of Eastland, and B. W. Patterson, of Cisco, for appellee.

PANNILL, C. J. The case was tried below on an agreed statement of facts. The substance of the portions deemed material are:

Appellee Matthews and one Caldwell entered into a contract for the sale and purchase of certain mineral rights owned by the former, and agreed that said Caldwell should deposit in the First State Bank of Eastland $1,700 to be paid to Matthews should Caldwell fail to comply with his contract, but to be returned to Caldwell in the event Matthews' title was defective. In compliance with such agreement, Caldwell made the deposit agreed on, with said bank, by giving to said bank his check on another bank which was duly paid to said First State Bank. It is agreed that said transaction constituted a noninterest-bearing unsecured deposit and was accepted as such by the bank last named, to be paid to the order of the party entitled to receive it.

It further appears that in the litigation hereinafter referred to the bank answered admitting the deposit, claiming that it was holding same as an escrow agent, and tendered the money into court, and after judgment in Caldwell's favor in the trial court, paid the money to Caldwell without appellee's knowledge or consent.

It is further agreed by the parties that the records of the bank show that the deposit was handled in the following manner:

"On said date; August 13th, Walter D. Caldwell gave his personal check to said First State Bank of Eastland for the sum of $1,700.00, payable to the order of said First State Bank, drawn on a bank in Oklahoma City. On the same date the First State Bank issued its cashier's check for the said sum of $1,700.00, payable to the order of 'Escro.' W. D. Caldwell— W. R. Matthews," which said cashier's check was placed in said bank with the escrow agreement, and said item was carried on the escrow account and not on the individual ledger. That said personal check of Caldwell was collected by said First State Bank on August 14, 1919. That said cashier's check bears cancellation indorsement, 'Paid 4—22—21.' That said cashier's check is not indorsed by either Caldwell or Matthews, but bears the following memorandum: 'Cashier's check issued to Roy Nunnally, District Clerk.' That neither said deposit nor the proceeds of said check was paid to defendant, W. R. Matthews."

The parties Matthews and Caldwell failing to conclude their agreement, litigation resulted, ending in a judgment by the Supreme Court in favor of Matthews against the First State Bank and Caldwell for the amount of said deposit. Mathews v. Caldwell (Tex. Com. App.) 258 S. W. page 810. See Id. (Tex. Civ. App.) 241 S. W. page 798. In the meantime the bank named became insolvent, and its assets passed to appellant as a statutory receiver. In a suit by appellant to cancel the record of the abstract of the judgment above referred to in appellee's favor, appellee by cross-action sought a recovery against appellant, on his claim, from the state guaranty fund, and from a judgment in appellee's favor this appeal is prosecuted.

[1, 2] It is insisted that the agreed facts, substance of which has been stated, bring this suit within the rule announced by the Supreme Court in Kidder v. Hall, 113 Tex. 49, 251 S. W. page 497. This contention must be overruled. It is obvious that the bank did not treat this transaction as a sale of exchange, but as a deposit. The cashier's check is not shown to have been drawn on any other bank. It is not shown that either Matthews or Caldwell had any knowledge of the manner in which the transaction was being handled by the bank. When brought into court, the bank tendered the money and not the cashier's check. After the judgment in favor of Caldwell which was reversed on appeal, the bank paid to Caldwell money and did not deliver to him the cashier's check, nor did it require any indorsement of such check. Said check was never out of the bank's possession. The bank could not change the relation it had assumed without the consent of the depositor.

The trial court's conclusion that the transaction was a deposit and not the sale of a draft is sustained by the agreed statement, and is binding here. Middlekauff v. State Banking Board, 111 Tex. 561, 242 S. W. 442;

Hall v. Bank (Tex. Civ. App.) 252 S. W. 828; Tyler, etc., Bank v. Rhodes (Tex. Civ. App.) 256 S. W. 947.

[3] The further position that the cross-action should not have been permitted is foreclosed by the decision in Kidder v. Hall, supra.

[4] The district court of Eastland county was the appropriate forum in which to litigate the controversy, and to avoid a multiplicity of suits, it was proper to allow the cross-action. Barton v. Farmers' State Bank (Tex. Com. App.) 276 S. W. 181.

The judgment is affirmed.